IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| THE UNIVERSITY OF PITTSBURGH - OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>       Plaintiff,<br><br>  vs.<br><br>SLEEPME, INC., EBB THERAPEUTICS, LLC,<br><br>       Defendants, | 2:21-CV-01724-MJH |

OPINION AND ORDER

Plaintiff, The University of Pittsburgh-of the Commonwealth System of Higher Education, brings the within action for breach of contract, unjust enrichment, infringement of three patents, conversion, and misappropriation against Defendants, Sleepme, Inc. and Ebb Therapeutics, LLC. (ECF No. 15). Defendants move to dismiss the breach of contract claim (Count I) pursuant to Fed. R. Civ. P. 12(b)(6). The matter is now ripe for consideration.

Following consideration of the University's Amended Complaint (ECF No. 15), Defendants' Partial Motion to Dismiss (ECF No. 24), the respective briefs (ECF Nos. 26, 27, and 28), and for the following reasons, Defendants' Partial Motion to Dismiss will be denied.

    I.    Background

On February 27, 2012, Ebb Therapeutics, Inc. f/k/a Cerêve, Inc. and the University entered into a License Agreement for certain patented methods for treating insomnia. (ECF No. 15 at ¶¶ 6, 18-22 and ECF No. 15-1). The License Agreement allegedly granted Ebb Therapeutics, Inc., as a licensee, patent rights in return for payment of a licensing fees and

royalties. (ECF No. 15 at ¶¶ 25-28). On December 9, 2020, Ebb Therapeutics, Inc. was allegedly involved in an acquisition, which resulted in a merger that made it a wholly owned subsidiary of Sleepme, Inc. (the "Acquisition"). *Id*. at ¶ 37. The University avers that, by virtue of the Acquisition, Ebb, the licensee entity, which had entered into the License Agreement, did not survive said transaction. *Id*. The University alleges that, pursuant to Article 4.1(g) of the License Agreement, the Acquisition represented an "exit transaction," which triggered a "milestone payment" of $300,000, which was due within thirty (30) business days of the Acquisition. *Id*. at ¶¶ 39-40.

In its breach of contract claim, the University alleges that the Defendants, as the successors-in-interest to Licensee, Ebb Therapeutics, Inc., assumed all rights of responsibilities under the License Agreement; and therefore, Defendants have a contractual relationship with the University. *Id*. at ¶¶ 68-69. The University avers that Defendants materially breached the License Agreement when they failed to pay the "milestone payment" provided for under Article 4.1(g). *Id*.

In their partial motion to dismiss, Defendants contend that the University's "milestone payment" claim under its breach of contract count fails, because the merger was not a "sale of assets" under the License Agreement. The Defendants also argue that the "assignment clause" in Article 9 of the License Agreement is irrelevant to the "milestone payment."

II.     Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer

3

evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

III.   Discussion

Defendants maintain that, under Pennsylvania law, the "merger" that resulted from the Acquisition was not a "sale of assets." Defendants argue that without a "sale of assets," the "milestone payment" of the License Agreement has not been triggered. Thus, Defendants contend that it has not breached the License Agreement for failure to remit a "milestone payment." The Defendants also argue that the "assignment clause" in Article 9 of the License Agreement is irrelevant to the "milestone payment."

The University maintains that, when evaluating whether a sale or merger has occurred, Pennsylvania courts consider the consequences of the transactions. Specifically, the University contends that it has a sufficiently pleaded facts to support that a sale occurred. Further, the University argues that Article 9 supports a reasonable inference that the parties intended to equate mergers and sales.

Defendants respond that the University was required to plead facts sufficient to show that Ebb Therapeutics, Inc. f/k/a Cerêve, Inc. sold all, or substantially all, of its assets in order for the Article 4.1(g) milestone payment to come due. Instead, Defendants argue that Ebb Therapeutics, Inc. only merged with Ebb Merger Sub, Inc. into a different entity, Ebb Therapeutics, LLC.

With regard to the triggering of a milestone payment, Article 4.1(g) of the License Agreement provides as follows:

> In consideration of the rights, privileges and license granted by University hereunder, Licensee shall pay royalties and other monetary consideration as follows:

*\*\*\**

    g. [a] milestone payment due and payable within thirty (30) days of the sale of all, or substantially all, of the assets of Licensee.

(ECF No. 15-1 at pp. 6, 9). With regard to assignment of the License Agreement, Article 9 provides as follows:

> This Agreement is not assignable without the prior written consent of University, which shall not be unreasonably withheld or delayed, and any attempt to do so shall be null and void. Notwithstanding the foregoing, Licensee may assign this Agreement and the license granted hereby without such prior consent to the purchaser of Licensee's entire business, whether by merger, sale of assets, or otherwise; provided however, that such purchaser agrees in writing to be bound by the terms of this Agreement within thirty (30) days of such sale or transfer and a copy of such assumption agreement is provided to the University immediately thereafter.

*Id*. at ¶¶ 16-17.

    Pennsylvania corporation law defines "merger" as a "[a] transaction in which two or more merging associations are combined into a surviving association pursuant to a document filed by the department or similar office in another jurisdiction." 15 Pa.C.S. § 312. When a corporate party to a contract merges with a third party, no sale of assets occurs, instead "all property of each merging association vests in the surviving association without reversion or impairment, and the merger shall not constitute a transfer of any of that property." 15 Pa. C.S. § 336 (emphasis added). *See also Sante Fe Energy Resources, Inc. v. Manners*, 635 A.2d 648 (Pa. Super. 1993) (holding that the surviving association in a merger simply succeeds to the assets of each merging association and those assets are neither assigned nor transferred to the surviving association). Pennsylvania courts "historically have viewed merger as an event distinct from a sale." *Seven Springs Farm, Inc. v. Croker*, 748 A.2d 740, 747 (2000); *see also Com. v. Willson Prod.*, Inc., 412 Pa. 78, 85 (1963) (citation omitted) (noting that the "merger of two or more corporations is neither a sale nor a liquidation of corporate property," nor can a merger be

5

considered as a sale "by the constituent companies"); *Sewickley Valley Hosp. v. Leavitt*, 567 F. Supp. 2d 761, 771 (W.D. Pa. 2008) (acknowledging that a "statutory merger is not a 'sale' per se").

Even given these distinctions, the Pennsylvania Supreme Court has cautioned:

it is no longer helpful to consider an individual transaction in the abstract and solely by reference to the various elements therein determine whether it is a 'merger' or a 'sale.' Instead, to determine properly the nature of a corporate transaction, we must refer not only to all the provisions of the agreement, but also to the consequences of the transaction and to the purposes of the provisions of the corporation law said to be applicable.

*Farris v. Glen Alden Corp.*, 393 Pa. 427, 143 A.2d 25, 28 (1958).

Here, for the triggering of a milestone payment under Article 4.1(g), the License Agreement only refers to a "sale of all, or substantially all, of the assets of Licensee." Merger, and its attendant definitions and effects, is not mentioned under the milestone payment language. The question for the Court, as this stage then, is whether the University has plausibly pleaded that the Acquisition was a sale of all, or substantially all of Ebb's assets. In its Amended Complaint, the University has pleaded that Ebb, as Licensee, was involved in a series of transactions which involved,

(1) its merger with Ebb Merger Sub, Inc., while retaining the name of Ebb Therapeutics, Inc.;

(2) the merger of Ebb Therapeutics, Inc. with Second Ebb Merger Sub, LLC, while changing its name to Ebb Therapeutics, LLC, which is a wholly owned subsidiary of Sleepme, Inc., such that Licensee did not survive these mergers,

(3) the resignation of all of Licensee's officers and directors and the termination of substantially all of Licensee's personnel, and

(4) the receipt by Licensee (including its stockholders) of at least $30,000,000 (as Licensee has represented to the University) in net proceeds in consideration for this Acquisition (the "Acquisition").

(ECF No. 15 at ¶ 37 and ECF Nos. 15-5 and 15-6).  At this stage, such allegations sufficiently and plausibly plead that the Acquisition, while cast as a merger, also included the sale of assets. Further development of the facts in discovery will clarify the consequences of the transactions involved with the Acquisition and whether or not a sale of all or substantially all assets occurred. Only then, can the parties and the Court fully assess whether a milestone payment was due under Article 4.1(g) and whether the failure of Defendants to remit said payment constitutes a breach of contract.

Accordingly, Defendants partial motion to dismiss will be denied.

ORDER

Upon consideration of the foregoing and for the reasons stated above, Defendants' Partial Motion to Dismiss (ECF No. 24) is denied.  Defendants shall file their Answer to the Amended Complaint (ECF No. 15) on or before June 23, 2022.

DATED this 9th day of June, 2022.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge